STATE OF NORTH CAROLINA
v.
FALCARO HOOKER.
No. COA08-261
Court of Appeals of North Carolina
Filed November 4, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General David Elliott, for the State.
Brian Michael Aus, for defendant-appellant.
TYSON, Judge.
Falcaro Hooker ("defendant") appeals from judgment entered after a jury found him to be guilty of second-degree rape pursuant to N.C. Gen. Stat. § 14-27.3(a). We hold there to be no error in the jury's verdict or the judgment entered thereon.

I. Background
The eighteen-year-old victim ("A.M.") had been friends with defendant, age thirty-four, and Dakota Anderson for four or five years. On the evening of 12 February 2006, defendant telephoned A.M. After A.M. initially declined to meet defendant, Anderson persuaded A.M. to come to his house. A.M. had never had prior sexual relations with either defendant or Anderson. A.M. initially did not consume alcohol at Anderson's house, but defendant persuaded her to have a drink. Anderson brought in some drinks in bottles, and A.M.'s bottle appeared to have been opened. A.M. noticed the drink tasted strange and it burned her throat. A.M. only had one drink, which she sipped it for about forty-five minutes, before she began to feel sick. According to Anderson, A.M. consumed several drinks. In either event, A.M. began to vomit and lost consciousness.
When A.M. regained consciousness, defendant and Anderson stood in front of her exposing themselves and told her to "suck it." A.M. lost consciousness for a second time. When A.M. regained consciousness, Anderson was on top of her and her jeans and underpants had been removed. A.M. told Anderson she did not want to have sex and tried to stop him by hitting him. A.M. lost consciousness a third time and could not recall what happened after that.
Anderson testified that he and A.M. had oral sex and then consensual vaginal intercourse. Anderson left A.M. in the bedroom for fifteen or twenty minutes while he got something to eat. At trial, Anderson testified that when he checked on A.M., he saw A.M. and defendant laying together on the bed. In a pretrial statement, however, Anderson said that when he came back to the bedroom to check on A.M., he saw defendant having sex with A.M. while she appeared to be asleep. Defendant did not object to the admission of Anderson's statement or request a limiting instruction. When A.M. regained consciousness the next morning, she was naked from the waist down and Anderson was in bed with her. A.M. asked Anderson what had happened, but he "smirked" and did not tell her anything. Defendant drove A.M. home. A.M. asked defendant what Anderson had done to her, and defendant told her that he did not know. After A.M. told her younger sister what had happened, her family took her to the hospital, where a forensic nurse performed a rape kit and a physical examination.
The nurse testified that she noted some redness during her examination of A.M.'s vaginal area that was consistent with having had sex. Officers collected a DNA sample from defendant. The DNA sample from defendant matched a sperm sample from a vaginal swab taken from A.M.
The trial court denied defendant's motion to dismiss at the end of the State's case and again when he renewed the motion after the presentation of all evidence. The jury convicted defendant of second-degree rape and the trial court imposed a term of 133 to 169 months in prison. Defendant appeals.

II. Issues
Defendant argues the trial court: (1) committed plain error by failing to give a limiting instruction concerning a witness's prior inconsistent statement and (2) erred by denying his motion to dismiss for insufficient evidence.

III. Limiting Instruction on Anderson's Testimony
Defendant argues the trial court committed plain error when it failed to instruct the jury that Anderson's pretrial statement could not be considered as substantive evidence. We disagree.
The plain error rule is only to be applied in exceptional cases, "where it can be fairly said `the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.'" State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)(quoting United States v. McCaskill, 676 F. 2d 995, 1002 (4th Cir. 1982)). "When the limiting instruction is not requested, it is not error if it is not given." State v. Detter, 298 N.C. 604, 630, 260 S.E.2d 567, 585 (1979).
During the jury charge, the trial court instructed the jury:
When evidence has been received tending to show that at an earlier time, a witness made a statement which may be consistent or may conflict with his or her testimony at this trial, you must not consider such an earlier statement as evidence of the truth of what was said at that earlier time, because it was not made under oath at this trial. If you believe that such earlier statement was made, and that it is consistent or does conflict with the testimony of the witness at this trial, then you may consider this, together with all other facts and circumstances bearing upon the witness's truthfulness, in deciding whether you will believe or disbelieve the witness's testimony at this trial.
Although the trial court did not give a limiting instruction at the time it admitted Anderson's prior statement, its instruction on prior statements in the jury charge was a correct statement of the law. See State v. Hall, ___ N.C. App. ___, ___, 653 S.E.2d 200, 209 (2007). Presuming the trial court erred when it did not give a limiting instruction at the time it admitted Anderson's statement, any error was cured when the jury was properly instructed in the jury charge not to consider the statement as substantive evidence. State v. Williams, 341 N.C. 1, 11, 459 S.E.2d 208, 215 (1995), cert. denied, 516 U.S. 1128, 133 L. Ed. 2d 870 (1996). This assignment of error is overruled.

IV. Motion to Dismiss
Defendant argues the trial court erred when it denied his motion to dismiss the charge of second-degree rape because the State presented insufficient evidence that A.M. was physically helpless or that defendant knew she was physically helpless. We disagree.
"When a defendant moves for dismissal, the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense. If so, the motion to dismiss is properly denied." State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982). "The trial court must review the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." State v. Squires, 357 N.C. 529, 535, 591 S.E.2d 837, 841 (2003), cert. denied, 541 U.S. 1088, 159 L. Ed. 2d. 252 (2004).
A person is guilty of second-degree rape if he has vaginal intercourse with a victim either: (1) by force or against the victim's will; or, (2) if the victim is mentally disabled, mentally incapacitated, or physically helpless and the person knows or should reasonably know the victim is mentally disabled, mentally incapacitated, or physically helpless. N.C. Gen. Stat. § 14-27.3 (a) (2005).
The State's evidence at trial was sufficient to support the trial court's second-degree rape instruction. A.M. lost consciousness several times during the evening, including during the period that Anderson testified that A.M. and defendant were alone in the bedroom. A.M. did not remember having sex with defendant, but the DNA test confirmed defendant's sperm was present in A.M.'s vagina. A.M. did not have a prior sexual relationship with defendant.
Viewed in the light most favorable to the State, substantial evidence to establish each essential element of the crime charged and that defendant was the perpetrator of that crime. Earnhardt, 307 N.C. at 65-66, 296 S.E.2d at 651-52; see also State v. Buff, 170 N.C. App. 374, 379, 612 S.E.2d 366, 370 (2005) (evidence sufficient where rape victim obviously incapacitated by alcohol). The trial court properly denied defendant's motion to dismiss.

V. Conclusion
The trial court's failure to give a limiting instruction to Anderson's testimony, when the contradictory statement was not objected to and no limiting instruction was requested by defendant does not constitute plain error. Error, if any, was properly cured by the trial court's jury instruction.
The trial court properly denied defendant's motion to dismiss where the State presented substantial evidence of each essential element of the crime charged and that defendant was the perpetrator of that crime.
Defendant received a fair trial, free from the prejudicial errors he preserved, assigned and argued. We hold there to be no error in the jury's verdict or the judgment entered thereon.
No error.
Judges BRYANT and ARROWOOD concur.
Report per Rule 30(e).