IN RE B.E.

[186 N.C. App. 656 (2007)]

In the Matter of: B.E.

No. COA06-1522

(Filed 6 November 2007)

**1. Appeal and Error— ruling obtained on motion to dismiss—court's statement**

An assignment of error was considered on its merits where a juvenile moved to dismiss an indecent liberties allegation for insufficient evidence, the trial court took the case under advisement, and the court later stated that the statutory requirement for the offense had been met.

**2. Indecent Liberties— sufficiency of evidence**

The State presented substantial evidence of each element of indecent liberties between children and that this juvenile was the perpetrator, and a motion to dismiss for insufficient evidence was properly granted.

**3. Appeal and Error— obtaining ruling on motion—language used in juvenile adjudication form—no prior objection possible**

An assignment of error to the standard of proof in an indecent liberties proceeding against a juvenile was preserved where the juvenile appealed from the adjudication. The "clear, cogent, and convincing" language on the AOC adjudication form was not used in open court, so that the juvenile would not have been aware of the error and could not object to it until he received the adjudication.

**4. Juveniles— indecent liberties proceeding—standard of proof**

The standard of proof in a juvenile indecent liberties proceeding could not be ascertained from the record, and the adjudication was remanded. The AOC preprinted form referred to "clear, cogent, and convincing" evidence, while the trial court referred to reasonable doubt in a passing comment. The trial court must unequivocally state the standard of proof.

Appeal by juvenile from adjudication order entered 26 April 2006 by Judge Herbert L. Richardson and disposition order entered 19 June 2006 by Judge W. Jeffrey Moore in District Court, Robeson County. Heard in the Court of Appeals 7 June 2007.

**IN RE B.E.**

[186 N.C. App. 656 (2007)]

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Chris Z. Sinha, for the State.*

*Lisa Skinner Lefler for juvenile-appellant.*

STROUD, Judge.

Juvenile appeals from order adjudicating him delinquent for committing indecent liberties between children, in violation of N.C. Gen. Stat. § 14-202.2, and the subsequent dispositional order. Because we conclude that the trial court did not unequivocally state that it found the facts underlying the adjudication order to be true beyond a reasonable doubt, we remand.

## I. Background

The State's evidence tended to show that juvenile masturbated in front of a seven year-old girl ("the victim") on 15 July 2005. A juvenile petition, alleging that juvenile had taken indecent liberties with the victim, was filed in Robeson County on or about 10 October 2005. The petition was heard on 6 and 18 April 2006. Juvenile was adjudicated delinquent in Robeson County District Court on 26 April 2006.

On 8 June 2006, the trial court conducted a dispositional hearing, entering a disposition order on 19 June 2006. The disposition order placed juvenile on probation, under the supervision of a court counselor, for up to twelve months, and ordered the juvenile to cooperate with specified programs, including a sex offender evaluation. The trial court also ordered a curfew, restrictions on contact with anyone under age thirteen without adult supervision, intermittent confinement of up to five twenty-four hour periods, and testing for use of drugs or alcohol. From the adjudication and disposition orders, juvenile appeals.

## II. Motion to Dismiss

[1] Juvenile first contends that the trial court erred by failing to rule on defense counsel's motions to dismiss for insufficiency of the evidence at the close of the State's evidence and at the close of all the evidence. Alternatively, juvenile contends that even if the trial court properly denied the motion to dismiss, the evidence is insufficient to support an adjudication of delinquency.

We note that failure "to obtain a ruling upon the party's request, objection or motion[,]" ordinarily results in waiver of appellate review of the issue. N.C.R. App. P. 10(b)(1).

However, the record shows that after juvenile moved to dismiss on 6 April 2006, the trial judge took the case under advisement, and the case reconvened on 18 April 2006. Upon reconvening, juvenile's trial counsel reminded the trial judge of the motion to dismiss. The trial judge then advised counsel regarding several cases he had discovered in his research. The trial judge then stated:

> So, therefore, the Court finds in this particular case, that the act of exposing themselves or masturbating in front of a child within six to eight feet for purposes of arousing and satisfying his sexual desire is *sufficient* to meet the statutory requirement of taking indecent liberties with a minor, and the Court will so find.

(Emphasis added.)

We conclude that in making this statement, the trial court denied juvenile's motion to dismiss for insufficiency of the evidence. Therefore, we conclude that juvenile's actual argument is that the trial court erred by failure to *grant* the motion to dismiss. Furthermore, the State did not raise the issue of waiver, and fully contested the issue on its merits. Therefore, we will consider the assignment of error on its merits.

**[2]** Generally, a juvenile in an adjudication hearing has "[a]ll rights afforded adult offenders[,]" subject to certain exceptions not relevant to the case *sub judice*. N. C. Gen. Stat. § 7B-2405 (2005).

> These rights include the right to have the evidence evaluated by the same standards as apply in criminal proceedings against adults. Therefore, in order to withstand a motion to dismiss the charges contained in a juvenile petition, there must be substantial evidence of each of the material elements of the offense charged. The evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference of fact which may be drawn from the evidence.

*In re Bass*, 77 N.C. App. 110, 115, 334 S.E.2d 779, 782 (1985) (citations and internal quotation marks omitted).

Juvenile's own brief essentially concedes that the State presented sufficient evidence to survive the motion to dismiss. Juvenile argues that "[t]here was no evidence that B.E. did anything sexual, other than the other child's testimony." However, our Supreme Court has held that "[t]he uncorroborated testimony of the [child] victim is suf-

ficient to convict under N.C.G.S. § 14-202.1 [taking indecent liberties with children] if the testimony establishes all of the elements of the offense." *State v. Quarg*, 334 N.C. 92, 100, 431 S.E.2d 1, 5 (1993).

The essential elements of indecent liberties between children relevant to the case *sub judice* are: (1) a perpetrator under age 16, (2) who willfully takes any immoral, improper, or indecent liberties with a child, (3) who is at least three years younger than the perpetrator, (4) for the purpose of arousing or gratifying sexual desire. N.C. Gen. Stat. § 14-202.2(a)(1) (2005).

The State presented evidence that the victim was seven years old, and that the juvenile was fifteen years old when the incident in question took place. This evidence satisfies the first and third elements. The State also presented evidence that B.E. masturbated in front of victim. This evidence satisfies the second and fourth elements. Accordingly, we conclude that the State presented substantial evidence of each element of indecent liberties between children and that juvenile was the perpetrator of the offense. The motion to dismiss was therefore properly denied.

### III. Standard of Proof

**[3]** Juvenile next contends that the trial court erred when it adjudicated him delinquent by clear, cogent and convincing evidence, instead of beyond a reasonable doubt. We agree.

The adjudication order contains the following relevant finding:

The following facts have been proven beyond a reasonable doubt:

1. That on or about July 15, 2005 the juvenile, [B.E.] did unlawfully and willfully commit indecent liberties between children against [the victim], a child who was at least three (3) years younger than the juvenile, being an offense in violation of G.S. 14-202.2, by clear, cogent & convincing evidence.

The underlined portion of the above finding is the pre-printed wording of a standard form Juvenile Adjudication Order (Delinquent), AOC-J-460, New 7/99. The remainder of the finding was typed into a blank on the form.

The State agrees with juvenile's contention that the proper standard of proof for a juvenile to be adjudicated delinquent is beyond a reasonable doubt. However, the State contends that juvenile essentially waived his right to object to this error by his failure to obtain a

ruling on his motion to dismiss made on 6 April 2006, when the case reconvened on 18 April 2006.

Alternatively, the State cites *In re Eades*, 143 N.C. App. 712, 713, 547 S.E.2d 146, 148 (2001), to contend that an oral statement of the standard of proof is sufficient, and cites *In re Mitchell*, 87 N.C. App. 164, 166, 359 S.E.2d 809, 811 (1987), to contend that an oral statement of the standard of proof is unnecessary if the standard of proof is included in the written order. The State further argues that the trial judge's statement in response to juvenile's motion to dismiss at the close of the State's evidence ("Well, I'll reserve ruling on that to [sic] at the conclusion of all that. And then we're rehear based on— beyond a reasonable doubt, we'll do at that point."), and a statement by juvenile's trial counsel when he renewed his motion to dismiss at the close of all evidence ("And if in some way you should rule against me, then obviously we would need to come back and I'm going to argue reasonable doubt."), together with the pre-printed words on the standard form, show "undeniably" that the trial court found the facts beyond a reasonable doubt. The State finally argues that the foregoing shows that the words "clear, cogent and convincing evidence," which were included on the adjudication order after the correct standard of "beyond a reasonable doubt" was a "pure administrative error," which should be ignored by this Court as mere surplusage.

We first reject the State's contention that juvenile failed to preserve his assignment of error regarding the standard of proof for review. Certainly, as noted by the State, the trial judge never stated in open court that he would use clear, cogent and convincing evidence as a standard of proof. Therefore, juvenile would have been unaware of this error and unable to object until he received the completed adjudication order, from which he duly appealed.

[4] We also reject the State's contention that the ambiguity in the adjudication order is a "pure administrative error." One of our basic constitutional rights is that the State prove all elements of a criminal charge, including an juvenile delinquency petition, beyond a reasonable doubt. *In re Vinson*, 298 N.C. 640, 657, 260 S.E.2d 591, 602 (1979). This constitutional right is codified in the North Carolina Juvenile Code, which provides that "[t]he allegations of a petition alleging the juvenile is delinquent shall be proved beyond a reasonable doubt." N.C. Gen. Stat. § 7B-2409 (2005). Further, "[i]f the court finds that the allegations in the petition have been proved as provided in G.S. 7B-2409, the court *shall* so state." N.C. Gen. Stat. § 7B-2411

(2005) (emphasis added). Accordingly, this Court has previously held that the provisions of N.C. Gen. Stat. § 7B-2411 "are mandatory and that it is reversible error for a trial court to fail to state affirmatively that an adjudication of delinquency is based upon proof beyond a reasonable doubt." *In re Walker*, 83 N.C. App. 46, 47, 348 S.E.2d 823, 824 (1986).

The trial court's standard of proof in a juvenile delinquency proceeding must be reflected in the record, either orally or in writing. *In re Rikard*, 161 N.C. App. 150, 154, 587 S.E.2d 467, 469 (2003). While the trial court may choose whether to state its standard of proof either orally or in writing, protection of a "fundamental constitutional right should not be lightly inferred from fragments of a long and sometimes ambiguous record." *State v. Love*, 131 N.C. App. 350, 364, 507 S.E.2d 577, 586 (1998), *aff'd per curiam*, 350 N.C. 586, 516 S.E.2d 382, *cert. denied*, 528 U.S. 944, 145 L. Ed. 2d 280 (1999).

In the case *sub judice*, the State is asking us to infer from an ambiguous record that the trial court found that the allegations of the petition had been proved beyond a reasonable doubt. However, we are not able to ascertain the standard of proof from the record. The trial court's passing comment quoted above is simply not adequate to show that the adjudication of delinquency was based upon proof beyond a reasonable doubt. Nor is the trial court's adjudication order, which found "beyond a reasonable doubt [that defendant violated] G.S. 14-202.2, by clear, cogent & convincing evidence."

Furthermore, there was substantial conflicting evidence regarding the allegations against juvenile. It is apparent from the trial judge's comments during the hearing and his taking the case under advisement to consider it more carefully that he could have had some "reasonable doubt" regarding juvenile's guilt.

Finally, we find an elementary principle of contract interpretation instructive in this case. "When a contract is partly written or typewritten and partly printed any conflict between the printed portion and the [type] written portion will be resolved in favor of the latter." *National Heater Co., Inc. v. Corrigan Co. Mech. Con., Inc.*, 482 F.2d 87, 89 (8th Cir. 1973). The words on the order which indicate that the State has *failed* to satisfy the required standard of proof, would be, according to the elementary principles of contract law, controlling as to the document.

The trial court must unequivocally state the standard of proof in its order pursuant to N.C. Gen. Stat. § 7B-2411 (2005). Because the

adjudication order contains an ambiguity which this Court cannot resolve, we conclude that the trial court erred.

Because the trial court has already made its determinations as to the credibility of the witnesses and has weighed the evidence, we do not require a new hearing. Rather, we remand to the trial court for clarification of the standard of proof used in the adjudication order. *See Minter v. Minter*, 111 N.C. App. 321, 329, 432 S.E.2d 720, 726, *disc. review denied*, 335 N.C. 176, 438 S.E.2d 201 (1993).

If the trial court did find that the facts underlying the adjudication were proved beyond a reasonable doubt, it must enter an amended order so stating. If the trial court did not find that these facts were proved beyond a reasonable doubt, the trial court must dismiss the petition with prejudice and vacate the disposition order based thereupon. N.C. Gen. Stat. § 7B-2411.

REMANDED.

Judges ELMORE and STEELMAN concur.