654 S.E.2d 21 (2007)
In re C.B., Juvenile.
No. COA06-1546.
Court of Appeals of North Carolina.
December 18, 2007.
Brian Michael Aus, Durham, for juvenile-appellant.
Attorney General Roy Cooper, by Assistant Attorney General Nancy R. Dunn, for the State.
CALABRIA, Judge.
C.B. ("the juvenile") appeals from an order of the trial court adjudicating him delinquent for misdemeanor assault inflicting serious injury ("AISI") and placing him on supervised probation. We remand.
On 2 December 2005, the juvenile's cousin, Brandon West, ("Brandon") visited the juvenile's home. When Brandon arrived at the juvenile's home, he went inside the house to visit with the juvenile's mother while his friends, who had accompanied him, remained outside in the vehicle. Brandon decided to invite his friends to join him. When he went outside to get his friends, the juvenile, the juvenile's brother, and another young man were also there. The juvenile started "play fighting" with Brandon. Although Brandon asked the juvenile to stop, the juvenile persisted. Brandon again asked him to stop and pushed the juvenile. Brandon then faced his friends and turned his back to the juvenile. Within seconds of turning away from the juvenile, Brandon received a blow to his face and was rendered unconscious. When Brandon regained consciousness, the juvenile was standing on the porch "talking trash." As a result of the incident, Brandon sought and received medical attention for a lost tooth and a fractured jaw which required the insertion of a metal plate.
On 10 May 2006, Robeson County District Court Judge Herbert L. Richardson ("Judge Richardson") adjudicated the juvenile delinquent for AISI and the offense of injury to personal property. The juvenile admitted responsibility for the injury to personal property but not the AISI. Judge Richardson placed the juvenile on supervised probation for twelve months. The juvenile only appeals the order adjudicating him delinquent for AISI.
The juvenile argues the trial court erred by denying his motion to dismiss the petition for AISI on the grounds that there was insufficient evidence that he was the perpetrator of the offense. We disagree.
*23 A motion to dismiss a juvenile petition "is recognized by North Carolina statutory and case law." In re J.A., 103 N.C.App. 720, 723, 407 S.E.2d 873, 875 (1991). "[I]n order to withstand a motion to dismiss the charges contained in a juvenile petition, there must be substantial evidence of each of the material elements of the offense charged." In re Bass, 77 N.C.App. 110, 115, 334 S.E.2d 779, 782 (1985). "The evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference of fact which may be drawn from the evidence." In re J.A., 103 N.C.App. at 724, 407 S.E.2d at 875.
The elements of assault inflicting serious injury pursuant to N.C. Gen.Stat. § 14-33(c)(1) (2005) "requires proof of two elements: (1) the commission of an assault on another, which (2) inflicts serious bodily injury." State v. Hannah, 149 N.C.App. 713, 717, 563 S.E.2d 1, 4 (2002). "Our courts have defined `serious injury' as injury which is serious but falls short of causing death. . . ." State v. Carpenter, 155 N.C.App. 35, 42, 573 S.E.2d 668, 673 (2002)(internal quotation omitted).
Brandon testified that when the juvenile attempted to "play fight" with him, that he told the juvenile he did not want to participate. Brandon also testified that the juvenile persisted and Brandon responded by shoving the juvenile and reiterating that he did not want to fight. After Brandon shoved the juvenile, he turned towards his friends and, within seconds, he was struck from the side. The juvenile argues that because the State did not offer testimony that conclusively established that the juvenile struck Brandon, that the petition should have been dismissed. However, the evidence viewed in the light most favorable to the State allows the reasonable inference that the juvenile struck Brandon. Although two other individuals were within striking distance of Brandon, the juvenile had attempted to engage Brandon in "play fighting" and was quickly rebuffed by Brandon. Further, Brandon shoved the juvenile in an attempt to relay to the juvenile his feelings about "play fighting." When Brandon received the blow to his jaw, the juvenile was in close proximity and had just been shoved by Brandon. After Brandon regained consciousness, it was the juvenile, not the others, who stood on the front porch taunting Brandon. Viewing the evidence in the light most favorable to the State, there was substantial evidence that the juvenile was the perpetrator of the assault.
The juvenile next argues the trial court erred by adjudicating the juvenile delinquent because the correct quantum of proof was not applied. We agree.
Pursuant to N.C. Gen.Stat. § 7B-2409 (2005), the allegations of a juvenile petition alleging the juvenile as delinquent must be proven beyond a reasonable doubt. The trial court is required to affirmatively state if it finds that the allegations in the petition have been proven beyond a reasonable doubt. N.C. Gen.Stat. § 7B-2411 (2005). "[F]ailure to state the standard of proof used in making the determinations of delinquency constitutes reversible error[.]" In re Walker, 83 N.C.App. 46, 47, 348 S.E.2d 823, 824 (1986). We also note:
[t]he intent of the legislature controls the interpretation of a statute. . . . When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.
In re A.C.F., 176 N.C.App. 520, 522-23, 626 S.E.2d 729, 732 (2006) (quoting In re Banks, 295 N.C. 236, 239-40, 244 S.E.2d 386, 388-89 (1978)).
At the close of the adjudication hearing, the trial court stated as follows: "I'm satisfied that your client is the one fellow who assaulted this fella." In its findings, the trial court stated the correct burden of proof from the standard printed language on the Juvenile Adjudication Order as follows: "The following facts have been proven beyond a reasonable doubt." However, in the portion of the order that referenced the AISI, the court stated a different burden of proof:
That on or about December 2, 2005 the juvenile did unlawfully and willfully commit assault inflicting serious injury against *24 Brandon West, being an offense in violation of G.S. 14-33(c)(1), and finds this by clear, cogent and convincing evidence.

Although the trial court's order indicated the correct burden of proof at the beginning of the written order, by including an incorrect quantum of proof at the end, the juvenile argues the correct quantum of proof was not applied. The State argues the trial court affirmatively stated that the allegations were proven beyond a reasonable doubt because the trial court checked the box adjacent to paragraph 3 which states "the following facts have been proven beyond a reasonable doubt."
This Court addressed a similar issue in In re B.E., ___ N.C.App. ___, 652 S.E.2d 344 (2007). In the adjudication order, the trial court, in its finding of fact, stated "the juvenile . . . did unlawfully and willfully commit indecent liberties . . . being an offense in violation of G.S. 14-202.2, by clear, cogent & convincing evidence." Id., ___ N.C.App. at ___, 652 S.E.2d at 346. In concluding "the adjudication order contains an ambiguity which this Court cannot resolve," the Court held, "[t]he trial court must unequivocally state the standard of proof in its order pursuant to N.C. Gen.Stat. § 7B-2411 (2005)." Id., ___ N.C.App. at ___, 652 S.E.2d at 347.
In the case sub judice, the trial court did not unequivocally state the standard of proof in its order. Thus, "the adjudication order contains an ambiguity which this Court cannot resolve," and therefore we conclude the trial court erred. However, "[b]ecause the trial court has already made its determinations as to the credibility of the witnesses and has weighed the evidence, we do not require a new hearing. Rather, we remand to the trial court for clarification of the standard of proof used in the adjudication order." In re B.E., ___ N.C.App. at ___, 652 S.E.2d at 348. Since we are remanding for clarification of the standard of proof, we need not reach the restitution issue.
Remanded.
Judges GEER and JACKSON concur.