STATE OF NORTH CAROLINA v. JEFFERY GARDNER

No. COA08-1094

(Filed 3 November 2009)

**Sexual Offenders— satellite-based monitoring—findings**

An order directing defendant to enroll in satellite-based monitoring pursuant to N.C.G.S. § 14-208.40B (2007) was vacated and remanded for a new hearing where the trial court did not make the determination required by the statute.

Appeal by defendant from order entered 15 May 2008 by Judge Ronald E. Spivey in Randolph County Superior Court. Heard in the Court of Appeals 11 February 2009.

**STATE v. GARDNER**

[200 N.C. App. 610 (2009)]

*Attorney General Roy Cooper, by Special Counsel Hilary S. Peterson, for the State.*

*Jason G. Goins, for defendant-appellant.*

CALABRIA, Judge.

Jeffery Gardner ("defendant") appeals from the trial court's order directing him to enroll in satellite-based monitoring ("SBM") pursuant to N.C. Gen. Stat. § 14-208.40B (2007). We vacate and remand for rehearing.

On 12 July 1993, defendant was convicted of indecent liberties with a child. On 7 August 2003, defendant was convicted of indecent liberties with a child and attempted second degree sexual offense. Defendant received an active sentence of 61-83 months in the North Carolina Department of Correction ("the DOC") for the attempted second degree sexual offense conviction and a sentence of 21-26 months, suspended for a probationary sentence, for the indecent liberties conviction. On 8 January 2008, defendant was granted post-release supervision in lieu of the time that remained on his active sentence. Defendant testified that it was his belief that he would remain on post-release supervision until 8 January 2011.

On 15 May 2008, the trial court conducted a determination hearing pursuant to N.C. Gen. Stat. § 14-208.40B (2007) to determine whether defendant was eligible for SBM. At the hearing, defendant conceded that he was a recidivist as defined by N.C. Gen. Stat. § 14-208-40(a) (2007). The trial court ordered defendant to enroll in SBM for the remainder of his natural life.

The trial court's order consisted of four pages. The first page of the order was a "form order," provided by the Administrative Office of the Courts (Form AOC-CR-616, New 12/07). However, the trial court also added three pages of additional findings of fact and conclusions of law to the one page form order. In these additional pages, the trial court addressed defendant's argument that lifetime SBM did not exist at the time of his sentencing and therefore (1) imposition of lifetime SBM on defendant was an invalid *ex post facto* punishment; and (2) imposition of lifetime SBM violated defendant's double jeopardy protections. The trial court ultimately concluded as follows:

> This court will find that the provision that allows satellite monitoring for recidivist (sic) as a condition of post-release supervision is valid, does not violate the defendant's constitutional

rights, and this court will order that pursuant to 14-208.40B, *the defendant shall submit to satellite based monitoring as a condition of post-release superivision* (sic). This court will further note that pursuant to statute, this monitoring shall be for the remainder of this (sic) natural life. However, this court will further note for the record that it is the opinion of this court that the Defendant may have a persuasive argument that when his post-release supervision is completed, that further monitoring of the defendant, *given the time line of this case and the fact that the monitoring is based solely upon the post-release supervision provision,* that further monitoring at that point may be a violation of one or both clauses argued by defendant, however it is not necessary for this court to make a determination of that future event for purposes of this ruling which the statute gives clear directives that apply to this case. *That issue will not be ripe for consideration until he finishes his post release supervision.*

(emphasis added).

Defendant notes that the trial court's order "emphasized that his imposition off (sic) lifetime GPS monitoring under N.C. Gen. Stat. § 14-208.40(B) was as a condition of post-release supervision," citing the language from the order quoted above. Defendant argues that the trial court "repeatedly and incorrectly emphasized that GPS monitoring was simply a condition of Appellant's post release supervision." Defendant contends that the trial court did so because "somehow that made it all right to apply § 14-208.40 to Appellant upon his release, as though that erased the ex post facto and double jeopardy taint."

Although this Court has previously considered and rejected defendant's *ex post facto* arguments, *State v. Bare,* —— N.C. App. ——, ——, 677 S.E.2d 518, 522-31 (2009); *State v. Wagoner,* —— N.C. App. ——, ——, —— S.E.2d ——, —— (2009), defendant has correctly identified a deficiency in the trial court's order which must be addressed.

The determination on the first page of the trial court's order conflicts with the additional findings and conclusions the trial court later added on the subsequent pages. The first page of the order states that "defendant shall enroll in satellite-based monitoring under Article 27A of Chapter 14 of the General Statutes for . . . the remainder of defendant's natural life." However, the additional findings and con-

clusions added by the trial court to the order provide that (1) "defendant shall submit to satellite based monitoring as a condition of post-release supervision . . ."; (2) "the monitoring is based solely upon the post-release supervision provision . . ."; and (3) "[whether SBM violates the ex post facto clause or double jeopardy clause] will not be ripe for consideration until he finishes his post release supervision." Therefore, the order in its entirety contains conflicting terms, making it unclear whether the trial court ordered defendant to enroll in SBM for the remainder of his natural life, as provided in the first page of the order, or if defendant's enrollment in SBM was only required because he was on post-release supervision. It would appear, based on the portion of the order added by the trial court, that the DOC would need to request another hearing regarding defendant's enrollment in SBM when defendant completes his post-release supervision.

Where there is a conflict within the terms of a trial court's order, this Court has found "an elementary principle of contract interpretation instructive . . . '[w]hen a contract is partly written or typewritten and partly printed any conflict between the printed portion and the [type]written portion will be resolved in favor of the latter.'" *In re B.E.*, 186 N.C. App. 656, 661, 652 S.E.2d 344, 347 (2007) (quoting *National Heater Co., Inc. v. Corrigan Co. Mech. Con., Inc.*, 482 F.2d 87, 89 (8th Cir. 1973)). Thus, the portion of the order which indicates that the trial court ordered SBM only as a condition of post-release supervision, and not lifetime SBM under N.C. Gen. Stat. § 14-208.40B, is controlling. Because the trial court failed to make the appropriate determination as required by N.C. Gen. Stat. § 14-208.40B, we must vacate the order and remand this matter to the trial court for rehearing upon the DOC's request for defendant's enrollment in SBM. Because we are remanding for a new hearing, we need not address defendant's remaining assignments of error.

Vacated and remanded.

Judges ELMORE and STROUD concur.