An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-809

Filed 15 April 2026

Nash County, No. 24 JB 000091-630

IN THE MATTER OF:
A.H.

Appeal by Juvenile from order entered 18 March 2025 by Judge Joseph E. Brown III in Nash County District Court. Heard in the Court of Appeals 29 January 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Sarah G. Zambon, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Wyatt B. Orsbon, for Juvenile–Appellant.*

MURRY, Judge.

A.H.[1] (Juvenile) appeals from the trial court's adjudicational and dispositional orders that collectively commit him through his nineteenth birthday to a youth development center (YDC) within North Carolina's Department of Public Safety, Juvenile Justice Division. He also files a conditional petition for writ of certiorari

---

[1] We refer to Juvenile by a pseudonym in accordance with N.C. R. App. P. 42. *See* N.C. R. App. P. 42(b).

(PWC). The State responds with a threshold challenge to the timeliness of the appeal itself. For the following reasons, this Court dismisses the conditional PWC as unnecessary, affirms in part the trial court's adjudication order, vacates its disposition order, and remands both orders for further findings and proceedings not inconsistent with this opinion.

## I.    Background

On 11 June 2024, Juvenile admitted delinquency to the State's initial petition alleging that he "communicat[ed] threats" under N.C.G.S. § 14-277.1, committed misdemeanor assault under N.C.G.S. § 14-33(a), and committed felony "[a]ssault [i]nflicting [s]erious injury" under N.C.G.S. § 14-33(c)(1). On 11 June 2024, the trial court entered consecutive adjudication and disposition orders holding him delinquent of these charges. The trial court documented its required findings of fact and conclusions of law within the orders' blank boxes, stating in relevant part that "Juvenile understood his rights, the nature of the charges, and the most serious disposition that can be imposed; Juvenile is satisfied with his representation; there is a factual basis for the admission; Juvenile's admission is the product of his informed choice; and Juvenile is competent to stand trial." (Quotation modified.)

Nearly two months later on 4 August 2024, Juvenile's mother (Mother), called the Nash County Sheriff's Office for assistance with involuntarily committing Juvenile to State custody. Juvenile became physically belligerent when the officers

arrived and bit the finger of one officer hard enough to cause "permanent nerve damage." The remaining officers eventually subdued Juvenile with a taser.

On 18 March 2025, Juvenile entered into a plea agreement in which he admitted to this later charge of "[a]ssault on [a] government official inflicting injury" under N.C.G.S. § 14-34.7. Based in relevant part on this admission, the trial court entered a "juvenile order" on 18 March 2025 "find[ing] that . . . [J]uvenile admits to Assault on a Law Enforcement [Officer] and is adjudicated delinquent." Unlike the 11 June 2024 adjudication, though, this order did not document any conclusion of evidentiary proof "beyond a reasonable doubt." The trial court entered a consecutive "disposition and commitment order" finding that the law-enforcement assault required the order's entrance. It also documented the relevant "predisposition report" and "assessments," but it left blank the formulaic box meant for required dispositional factors under N.C.G.S. § 7B-2508.

On 18 March 2025, the trial court confirmed in open court the Juvenile's understanding of his plea agreement and the resulting orders. Ten days later, Mother wrote down a notice of appeal that she immediately filed. In the handwritten appeal itself, she sought to "file an appeal on 28 March 2025 on behalf of her son, A.H." in reaction to the "order by Judge Brown" that he "be in a YDC." (Quotation modified.) She also specified the "Case # 24JB291" alongside her personal signature. The trial court confirmed the appellate entry in AOC-J-470 (ICMS) but left blank either checkbox designating Juvenile's custody status pending this appeal.

- 3 -

## II. Jurisdictional Analysis

The State challenges our jurisdiction to hear Juvenile's appeal based on Mother's apparent deficiencies on the face of the written appeal itself, as well as her timeliness in filing it. Mother has filed a conditional PWC in response. Because Mother filed a timely PWC from which we "can . . . fairly infer[ ]" her "intent to appeal from a specific judgment," though, we disagree with both parties' respective arguments on this point and proceed to the merits of Juvenile's appeal. *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 157 (1990) (emphasis and quotation omitted).

A party may appeal "a judgment . . . reduced to writing, signed by the judge, and filed with the clerk of court," N.C. R. Civ. P. 58, by "serving copies thereof upon all adverse parties within fourteen days after [its] entry," N.C. R. App. P. 4(a)(2). This two-week time clock does not start until the judgment's formal *entry* of the written order, thus allowing that appellant however much additional time to appeal from the earlier point of its formal *rendering* in open court. *See State v. Oates*, 366 N.C. 264, 268 (2012). Generally, though, the "notice of appeal" must "specify the party taking the appeal; the judgment from which appeal is taken[;] the court to which appeal is taken; and sign[ature] by any such party not represented by counsel." N.C. R. App. P. 4(b) (ellipses omitted).

Here, Mother met all these core appellate requirements for our jurisdictional purposes. Her handwritten appeal identifies her desire to "file an appeal today . . . [on] March[ ] 28th[, 2025] on behalf of [her] son, [A.H.]" in response to a

contemporaneous "order[ ] by Judge Brown" that he "be in a YDC." She specified the correct trial-court number of "24JB91" in the document's top-right corner and signed it herself at its bottom. Although she failed to specify the intended appellate destination, we typically disregard this particular omission as immaterial when "this Court is the only court with jurisdiction to hear [the] appeal." *State v. Sitosky*, 238 N.C. App. 558, 561 (2014). At any rate, the State's response to the conditional PWC evinces no "suggest[ion] that it was in any way misled by th[is] notice of appeal." *Id.* at 560. Thus, this Court dismisses the conditional PWC as unnecessary and instead proceeds to the merits of Juvenile's appeal under N.C.G.S. §§ 7B-1001, -2602. N.C.G.S. § 7B-1001(a)(3) (2025) ("Any initial order of disposition and the adjudication order upon which it is based."); *id.* § 7B-2602(3) ("Any order of disposition after an adjudication that a juvenile is delinquent . . . .").

## III.    Substantive Analysis

On appeal, Juvenile substantively contends that the trial court reversibly erred at his adjudication, disposition, and commitment proceedings in the wake of his plea agreement. Having reviewed all three of these "alleged statutory errors *de novo*," we affirm the adjudication order in part, vacate the disposition order, and remand both for further findings and proceedings not inconsistent with this opinion. *In re K.C.*, 225 N.C. App. 452, 462 (2013).

## A. Adjudication

First, Juvenile argues that the trial court reversibly erred "by failing to affirmatively state in writing that the" State had "proved beyond a reasonable doubt" his alleged delinquency. We agree to a certain extent; thus, we affirm in part the adjudication order yet still remand it for further necessary documentation explained further below.

The State must "prove[ ] beyond a reasonable doubt" the charges in "a petition alleging th[at a] juvenile is delinquent." N.C.G.S. § 7B-2409 (2025). If the trial "court finds that th[os]e allegations . . . have been proved," then it must "so state in a written order of adjudication" that includes at least "the date of the offense, the misdemeanor or felony classification of the offense, and the date of adjudication." *Id.* § 7B-2411. This documentation is mandatory, and failure to fully outline it in the record merits remand at minimum. *See In re Walker*, 83 N.C. App. 46, 47 (1986).

Although the trial court "unequivocally state[d] the standard of proof in its order" adjudicating Juvenile as delinquent on 11 June 2024 (AOC-J-460) , it did not do so in the 18 March 2025 adjudication order (AOC-J-462) subject to this appeal. *In re B.E.*, 186 N.C. App. 656, 662 (2007) (citing N.C.G.S. § 7B-2411). Despite this subsequent omission, the record below nonetheless shows that "the trial court considered all of the evidence . . . presented" by Juvenile's plea "and made its adjudication" as a result. *In re J.J.*, 216 N.C. App. 366, 371 (2011). We thus affirm the core substance of the 18 March 2025 adjudication order and merely remand it "for

clarification of the standard of proof used [there]in." *B.E.*, 186 N.C. App. at 662. On remand,

> If the trial court did find that the facts underlying the adjudication were proved beyond a reasonable doubt, it must enter an amended order so stating. If the trial court did not find that these facts were proved beyond a reasonable doubt, the trial court must dismiss the petition with prejudice and vacate the disposition order based thereupon.

*Id.* (citing N.C.G.S. § 7B-2411).

## B. Disposition

Second, Juvenile argues that the trial court reversibly erred in its failure to completely document its disposition order sentencing Juvenile to YDC until age nineteen. More specifically, he alleges that the trial court failed to document any "consideration of the required dispositional factors" or "compelling reasons why he should not be released pending appeal." (Brackets omitted.) Under N.C.G.S. § 7B-2512, it must render "[t]he dispositional order . . . in writing" that "contain[s] appropriate findings of fact and conclusions of law." N.C.G.S. § 7B-2512(a). It must also "state with particularity . . . the precise terms of the disposition" regarding "the kind, duration, and the person who is responsible for" its execution, as well as the "agency in whom custody is vested." *Id.* Having reviewed this statutory obligation among others *de novo* in the same manner as the adjudication order above, we similarly agree only to the extent that the trial court must completely document this information on remand. *See In re N.M.*, 290 N.C. App. 482, 483 (2023).

### 1. *Factors*

Section 7B-2508 outlines several "dispositional options" a trial court may reach in this latter stage of juvenile-delinquency proceedings. *In re V.M.*, 211 N.C. App. 389, 391 (2011). In making this assessment, though, it must first "consider the following factors":

(1)  The seriousness of the offense;
(2)  The need to hold the juvenile accountable;
(3)  The importance of protecting the public safety;
(4)  The degree of culpability indicated by the circumstances of the particular case; and
(5)  The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

*Id.* (quoting N.C.G.S. § 7B-2501(c)(1)–(5)). The trial court must consider these factors in writing, even if by merely "mark[ing] the appropriate box in the . . . pre-printed form portion of the order." *In re I.W.P.*, 259 N.C. App. 254, 259 (2018).

Here, the trial court properly documented Juvenile's "delinquency history level" and risk-and-needs assessment. But it improperly left blank the immediately following subsection requiring it to "[s]tate any findings regarding" the § 7B-2501 factors. Because this omission "is reversible error," we vacate the disposition order and "remand for a new dispositional hearing and entry of an order that includes written findings showing its consideration of th[os]e five factors." *N.M.*, 290 N.C. App. at 485 (citing *V.M.*, 211 N.C. App. at 392).

### 2. Custody

In North Carolina, a trial court should presume that a juvenile deserves pre-commitment release unless it "enters a written order to the contrary." *In re Bass*, 77 N.C. App. 110, 117 (1985) (citing N.C.G.S. § 7A-668 (1983) (current version at N.C.G.S. § 7B-2605 (2025)). If the trial court finds custody "to be in the best interests of the juvenile or the State," it must "state[ ] in writing" "compelling reasons" for so ordering. N.C.G.S. § 7B-2605. "Typically, trial[-]court orders denying release pending appeal contain a number of facts stating why a juvenile should not be released." *In re G.C.*, 230 N.C. App. 511, 517 (2013). Here, the trial court "determin[ed] that . . . [J]uvenile's commitment should be extended" to his "nineteenth . . . birthday" but left blank any "[c]ompelling reasons release [wa]s denied" in the AOC-J-470 (ICMS) Form. Because "the trial court failed to state any compelling reasons in writing why . . . [J]uvenile should not be released pending his appeal," he "should have been released." *J.J.*, 216 N.C. App. at 376. Thus, we vacate the disposition order and "remand the matter to the trial court for findings as to the compelling reasons for denying release." *Id.*

## IV.    Conclusion

For the reasons discussed above, this Court (1) dismisses the conditional PWC, (2) affirms in part the trial court's adjudication order, (3) vacates its disposition order, (4) and remands both of the latter orders for documentation of further findings and proceedings not inconsistent with this opinion.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Judges COLLINS and WOOD concur.

Report per Rule 30(e).