For the defendant it was insisted, (1) that the shawl being lost, and the owner unknown, it was not the subject of larceny; (2) that unless the first taking was with a felonious intent, the defendant was not guilty of larceny, and of course must be acquitted, unless the jury believed that he intended to steal the shawl at the instant he picked it up and hung it on the chain.
His Honor charged the jury that the guilt of the defendant did not depend upon the felonious intent having entered his mind at the (474) instant he discovered the shawl. That if at the time he took the shawl from the chain he knew to whom it belonged, but took it with the intention of stealing it, he was guilty, although he might have picked it up with an intention of preventing it from being injured. And further, that if at the time the defendant took the shawl from the chain the owner was within the ring, and within the sound of his, the defendant's voice, although she was unknown to him, if he took it with an intent to appropriate it to his own use, he was guilty of larceny. The defendant was convicted and appealed.
In a late work of great learning and research, larceny is defined to be "the wrongful or fraudulent taking and carrying away by any person of the mere personal goods of another, from any place, with a felonious intent to convert them to his (the taker's) own use, and make them his own property without the consent of the owner." (2 East P. C., ch. 16, sec. 2, p. 553.) But there must be an actual taking or severance of the goods from the possession of the owner, on the ground that larceny includes a trespass; if, therefore, there be no trespass in taking the goods, there can be no felony in carrying them away. (2 East P. C., 554; 1 Hawk P. C., ch. 33, sec. 1; 1 Russell, 95.) It is a general maxim that the ownership of goods draws after it the possession. *Page 385 
But if the owner or person whose property is alleged to be stolen be not actually or constructively in possession of it, the taking cannot amount to larceny. Therefore, if goods were lost by the owner and found by another, and the taking was bona fide, and not under a mere pretense of finding, and the finder afterwards feloniously determines to appropriate them to his own use, it will not be larceny. But if the finder, at the time of taking the goods, knew who was the owner, the subsequent appropriation in a secret manner, or his denial of any knowledge of the goods, or any other acts showing a felonious intent, would be evidence to be left to the jury, from which they might infer that the original (475) taking was with a felonious intent. (East P. C., 664; Lear'scase, 215, n.; 1 Hale, 506; 2 ibid., 507; Rex v. Walters. 3 Burns Justice, (180.) If money, by mistake, is sent with a bureau to be repaired, and it is taken with a felonious intent, it will be a larceny, because the money was not lost. (Cartwright v. Green, 8 Ves., 405.) In the case before the Court, it appears that the shawl was lost, and that the defendant took it up, after a bystander had said, "There is a shawl"; that he shook the dirt off it, and then laid it on the chain, and leaned over it for a few moments, and then secreted it in his bosom, and left the ring. The shawl had not been placed by the owner where the defendant took it from, but it had accidentally fallen there, and was lost. The defendant, when he took it up in a public manner, was ignorant of the owner; he continued thus ignorant until some time after he left the ring. The circumstances of his not calling out and proclaiming to the crowd that he had found a shawl does not alter the case; neither does the circumstance of his laying the shawl on the chain, and leaving it for a short space of time, and returning and then taking it from the chain and carrying it away with a felonious intent. The owner had lost it; she had not regained possession of it, nor did the defendant know the owner. The taking from that place (I mean the chain) was not a taking from the possession of the owner. I think, from the time the defendant took the shawl from the ground until he delivered it to the owner, it was in his possession. As the original taking of the lost goods was without a felonious intent, the subsequent felonious asportation will not make the defendant guilty of larceny. I think a new trial should be granted.