STATE OF NORTH CAROLINA v. REX CARSWELL

No. 53

(Filed 28 November 1978)

**Larceny § 7.8— removal of air conditioner from window base—placement on floor—taking and asportation**

Evidence that defendant and a companion picked up an air conditioner from its window base in a motel room and placed it on the floor some four to six inches toward the door was sufficient evidence of a taking and asportation to support a conviction of larceny.

Justice BRITT took no part in the consideration or decision of this case.

ON petition for discretionary review of the decision of the Court of Appeals reported in 36 N.C. App. 377, 243 S.E. 2d 911 (1978) (opinion by *Erwin, J., Brock, C.J.* and *Vaughn, J.* concurring), which reversed in part and affirmed in part the judgment of *Thornburg, J.,* 16 November 1976 Criminal Session of BURKE County Superior Court.

Upon a proper bill of indictment defendant was tried and convicted of felonious breaking and entering and felonious larceny. Respective consecutive sentences of ten and five years were imposed. He appealed both convictions to the Court of Appeals but they reversed as to the larceny conviction only and we allowed discretionary review thereon.

The State's evidence tended to show the following:

On the morning of 18 April 1976, Donald Ray Morgan was at the Day's Inn Motel where he was employed as a security guard. With him was Richard Strickland, a helper, and Mrs. Strickland, Richard's mother, who had brought her son some food. The motel was not in use at that time as it was still under construction. Upon inspection of the premises that morning, Mr. Morgan discovered that five or six rooms had been broken into during the night. In one of these, Room 158, the window air conditioner had been pried away from the base on which it rested in the bottom of the window, but it had not been removed.

Mr. Morgan asked Mrs. Strickland to stay at the motel while he called to report the incident to the Sheriff's Department. While he was gone, a pickup truck pulled into the motel with

three people in it, one of them being the defendant. They wanted to get into the motel building and claimed that they were sent there by their boss. They left after Mrs. Strickland would not let them in.

Instead of relocking the doors that had been broken into, Mr. Morgan stayed at the motel and guarded the rooms from a point on the balcony of the second level some fifty to seventy-five feet away. Around 10:30 p.m. that night, the defendant and another man walked onto the premises of Day's Inn Motel from some nearby woods and entered Room 158. Through the window running across the entire front of the room, Mr. Morgan saw the two men take the air conditioner off its stand in the window and put it on the floor. The unit was moved approximately four to six inches toward the door. -

After setting the air conditioner on the floor, the men left Room 158. Mr. Morgan stopped them as they appeared to be entering another room. The guard sent Mrs. Strickland, who again had come to the motel that night with food for her son, to the nearby Holiday Inn to call the Sheriff's Department.

Later that night, a pickup truck was seen driving up and down a road adjacent to the Day's Inn Motel. Mrs. Strickland testified that it was the same truck she had seen the defendant in that morning at the motel.

The defendant's evidence tended to show the following:

On 18 April 1976, the defendant and a friend had been drinking at a bar in Cleveland County and later at a club called The Shamrock in Burke County. They walked up the road to the Day's Inn Motel. The two men decided to go into a room to lie down because they were tired and drunk and could not get a ride home.

They entered a room that had its door ajar; however, the two of them left because "it stunk so bad in there." As they started down the sidewalk outside the room, a man yelled and ordered them to stop. Thereafter they were arrested.

Defendant testified that he did not touch the air conditioner at any time. He also stated that he had not gone to the Day's Inn Motel earlier that day and had never seen Mrs. Stickland before.

*Attorney General Rufus L. Edmisten by Associate Attorney Henry H. Burgwyn for the State.*

*Simpson, Baker, Aycock & Beyer by Richard W. Beyer for the defendant.*

COPELAND, Justice.

The Court of Appeals held that the movement of the air conditioner in this case was an insufficient taking and asportation to constitute a case of larceny against the defendant. Because we believe that there was enough evidence to send the larceny charge to the jury, we reverse the Court of Appeals on this point and reinstate the judgment of Judge Thornburg.

This case comes to the Court only on the contention that the judge erroneously denied defendant's motion for nonsuit on the larceny charge. It is well settled that in ruling on such a motion, the evidence is considered in the light most favorable to the State, and the State is given the benefit of all reasonable inferences. *State v. Holton,* 284 N.C. 391, 200 S.E. 2d 612 (1973); *State v. Henderson,* 276 N.C. 430, 173 S.E. 2d 291 (1970).

Larceny has been defined as "a wrongful taking and carrying away of the personal property of another without his consent, . . . with intent to deprive the owner of his property and to appropriate it to the taker's use fraudulently." *State v. Griffin,* 239 N.C. 41, 45, 79 S.E. 2d 230, 232 (1953). "A bare removal from the place in which he found the goods, though the thief does not quite make off with them, is a sufficient asportation, or carrying away." 4 W. Blackstone, Commentaries 231.

In *State v. Green,* 81 N.C. 560 (1879), the defendant unlocked his employer's safe and completely removed a drawer containing money. He was stopped before any of the money was taken from the drawer. This Court found these actions sufficient to constitute asportation of the money, and we upheld the larceny conviction.

The movement of the air conditioner in this case off its window base and four to six inches toward the door clearly is "a bare removal from the place in which the thief found [it]." The Court of Appeals apparently agreed; however, it correctly recognized that there is a taking element in larceny in addition to the asportation requirement. 4 W. Blackstone, *supra* at 231. *See also State v.*

*Parker*, 262 N.C. 679, 138 S.E. 2d 496 (1964). The Court of Appeals stated that "here the problem with the State's case is that the evidence of asportation does not also constitute sufficient evidence of taking." 36 N.C. App. at 379, 243 S.E. 2d at 913.

This Court has defined "taking" in this context as the "severance of the goods from the possession of the owner." *State v. Roper*, 14 N.C. 473, 474 (1832). Thus, the accused must not only move the goods, but he must also have them in his possession, or under his control, even if only for an instant. *State v. Jackson*, 65 N.C. 305 (1871). This defendant picked the air conditioner up from its stand and laid it on the floor. This act was sufficient to put the object briefly under the control of the defendant, severed from the owner's possession.

In rare and somewhat comical situations, it is possible to have an asportation of an object without taking it, or gaining possession of it.

> "In a very famous case a rascal walking by a store lifted an overcoat from a dummy and endeavored to walk away with it. He soon discovered that the overcoat was secured by a chain and he did not succeed in breaking the chain. This was held not to be larceny because the rascal did not at any time have possession of the garment. He thought he did until he reached the end of the chain, but he was mistaken." R. Perkins, Criminal Law 222 (1957) (*discussing People v. Meyer*, 75 Cal. 383, 17 P. 431 (1888)).

The air conditioner in question was not permanently connected to the premises of Day's Inn Motel at the time of the crime. It had previously been pried up from its base; therefore, when defendant and his companion moved it, they had possession of it for that moment. Thus, there was sufficient evidence to take the larceny charge to the jury.

The defendant's and the Court of Appeals' reliance on *State v. Jones*, 65 N.C. 395 (1871), is misplaced. In that case, the defendant merely turned a large barrel of turpentine, that was standing on its head, over on its side. This Court held that shifting the position of an object without moving it from where it was found is insufficient asportation to support a larceny conviction. The facts of this case show that there was an actual removal of the air con-

ditioner from its base in the window to a point on the floor four to six inches toward the door. Thus, *Jones* is not controlling.

For the reasons stated above, the decision of the Court of Appeals is reversed, and the larceny judgment reinstated.

Reversed.

Justice BRITT took no part in the consideration or decision of this case.