**IN RE D.K.**

[200 N.C. App. 785 (2009)]

IN THE MATTER OF: D.K., A MINOR CHILD

No. COA09-495

(Filed 3 November 2009)

### 1. Larceny— motion to dismiss—sufficiency of evidence

The trial court did not err by denying a juvenile's motion to dismiss a petition for larceny for insufficient evidence because the State presented substantial evidence as to each element of larceny.

### 2. Juveniles— delinquency—adjudication order—ambiguous statement of standard of proof—new trial

A new trial was ordered where the trial court applied conflicting burdens of proof and the actual standard relied upon could not be determined. The trial judge was unavailable to make the required findings on remand as she has already been sworn in as a superior court judge.

Appeal by juvenile-respondent from orders entered 8 October 2008 and 16 October 2008 by Judge Patrice A. Hinnant in Guilford County District Court. Heard in the Court of Appeals 12 October 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Teresa L. Townsend, for the State.*

*Geeta Kapur, for respondent-appellant.*

JACKSON, Judge.

D.K. ("the juvenile") appeals the 8 October 2008 order that adjudicated him delinquent for larceny. For the reasons stated herein, we affirm in part and remand for a new trial.

On 23 April 2008, the juvenile's normal teacher was absent, and he was placed into Ms. Carmen Barrantes's ("Barrantes") classroom. Near the end of the class period, Barrantes asked the students to put their chairs on their desks and wait for her dismissal. At this time she noticed that the juvenile, then eleven years old, had picked up her fisherman flashlight visor ("visor"), worth approximately $6.00. When she allowed the students to leave, the juvenile ran out of the room. Barrantes ran after him and attempted to retrieve her visor. The juvenile denied having it. Following discussions with the juvenile,

**IN RE D.K.**

[200 N.C. App. 785 (2009)]

searches of the juvenile's book bag, and searches of the classroom and nearby hallway, the visor was never found.

A juvenile petition alleging both misdemeanor larceny and misdemeanor possession of stolen goods was filed on 8 July 2008. The trial court held an adjudication hearing on 12 September 2008. The juvenile made motions to dismiss at the conclusion of the State's evidence and again at the conclusion of his own evidence. The trial court denied both motions. On 6 October 2008, the juvenile was adjudicated delinquent for larceny, and the petition for possession of stolen goods was dismissed. At the 9 October 2008 dispositional hearing, the trial court sentenced the juvenile as a Level 1 offender, with disposition being continued for three months. The juvenile appeals.

[1] The juvenile first argues that the trial court erred by denying his motion to dismiss the petition for larceny based upon insufficient evidence. We disagree.

"Generally, a juvenile in an adjudication hearing has '[a]ll rights afforded adult offenders[,]' subject to certain exceptions not relevant to the case *sub judice*." *In re B.E.*, 186 N.C. App. 656, 658, 652 S.E.2d 344, 345 (2007) (quoting N.C. Gen. Stat. § 7B-2405 (2005)). "Therefore, in order to withstand a motion to dismiss the charges contained in a juvenile petition, there must be substantial evidence of each of the material elements of the offense charged." *In re Bass*, 77 N.C. App. 110, 115, 334 S.E.2d 779, 782 (1985) (citing *State v. Myrick*, 306 N.C. 110, 291 S.E.2d 577 (1982)). "The evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference of fact which may be drawn from the evidence." *Id.* (citing *State v. Easterling*, 300 N.C. 594, 268 S.E.2d 800 (1980)).

According to our Supreme Court, "[t]he essential elements of larceny are that the defendant: (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of his property permanently." *State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982) (citing *State v. Booker*, 250 N.C. 272, 108 S.E.2d 426 (1959), *overruled in part on other grounds by State v. Barnes*, 324 N.C. 539, 540, 380 S.E.2d 118, 119 (1989)). Here, the juvenile contends that the State failed to provide substantial evidence as to the second and fourth elements of larceny.

"The fact that the property may have been in defendant's possession and under his control for only an instant is immaterial if his [actions were] such as would constitute a complete severance from

the possession of the owner." *State v. Walker*, 6 N.C. App. 740, 743, 171 S.E.2d 91, 93 (1969) (citing *State v. Green*, 81 N.C. 560 (1879); *State v. Jackson*, 65 N.C. 305 (1871)). " 'A bare removal from the place in which he found the goods, though the thief does not quite make off with them, is a sufficient asportation, or carrying away.' " *State v. Carswell*, 296 N.C. 101, 103, 249 S.E.2d 427, 428 (1978) (quoting William Blackstone, 4 Commentaries 231). "[T]he accused must not only move the goods, but he must also have them in his possession, or under his control, even if only for an instant." *Id.* at 104, 249 S.E.2d at 429 (citing *Jackson*, 65 N.C. 305).

" '[T]he intent to permanently deprive an owner of [her] property could be inferred where there was no evidence that the defendant ever intended to return the property, but instead showed a complete lack of concern as to whether the owner ever recovered the property.' " *State v. Mann*, 355 N.C. 294, 304, 560 S.E.2d 776, 783 (2002) (quoting *State v. Barts*, 316 N.C. 666, 690, 343 S.E.2d 828, 843-44 (1986), *overruled on other grounds as stated in State v. Jackson*, 340 N.C. 301, 310, 457 S.E.2d 862, 868 (1995)). In addition, "by abandoning property, the thief 'puts it beyond his power to return the property and shows a total indifference as to whether the owner ever recovers it.' " *Id.* (quoting *Barts*, 316 N.C. at 690, 343 S.E.2d at 844).

In the instant case, Barrantes's testimony places the visor in the juvenile's possession near the end of the class period. The juvenile does not contest the fact that he did not have permission to hold and look at the visor. Barrantes also stated that the juvenile told her that he had the visor in his hand when he left the classroom but must have dropped it. This evidence allows for a reasonable inference that the visor was in the juvenile's possession and under his control and that, by dropping it, he put it beyond his power to return the property, showing a total indifference as to whether Barrantes ever recovered it. Therefore, because the State presented substantial evidence as to each element of larceny, the trial court did not err by denying the juvenile's motion to dismiss.

The juvenile draws our attention to the word "accidentally" in a comment by the trial court when it ruled on his motion to dismiss: "[T]he [c]ourt reached a conclusion that [the juvenile] accidentally dropped it while he was in the [classroom] and somebody else picked it up or that he must have accidentally dropped it when he realized that he was, that the teacher was in pursuit of him." We note, however, that the word "accidentally" refers to the point at which the

juvenile lost possession of the visor, not to his mental state at the time he picked up the visor, thereby depriving his teacher of her rightful possession.

[2] Second, the juvenile argues that the trial court erred by stating ambiguously in the adjudication order which standard of proof it utilized, in possible violation of North Carolina General Statutes, sections 7B-2409 and 7B-2411. The State agrees with this contention, as do we.

This Court has addressed this precise issue in two recent decisions.

> One of our basic constitutional rights is that the State prove all elements of a criminal charge, including an [sic] juvenile delinquency petition, beyond a reasonable doubt. *In re Vinson*, 298 N.C. 640, 657, 260 S.E.2d 591, 602 (1979). This constitutional right is codified in the North Carolina Juvenile Code, which provides that "[t]he allegations of a petition alleging the juvenile is delinquent shall be proved beyond a reasonable doubt." N.C. Gen. Stat. § 7B-2409 (2005). Further, "[i]f the court finds that the allegations in the petition have been proved as provided in G.S. 7B-2409, the court *shall* so state." N.C. Gen. Stat. § 7B-2411 (2005) (emphasis added). Accordingly, this Court has previously held that the provisions of N.C. Gen. Stat. § 7B-2411 "are mandatory and that it is reversible error for a trial court to fail to state affirmatively that an adjudication of delinquency is based upon proof beyond a reasonable doubt." *In re Walker*, 83 N.C. App. 46, 47, 348 S.E.2d 823, 824 (1986).

*In re B.E.*, 186 N.C. App. at 660-61, 652 S.E.2d at 347. *See also In re C.B.*, 187 N.C. App. 803, 805-06, 654 S.E.2d 21, 23-24 (2007).

Here, the trial court concluded at the close of the adjudicatory proceeding, "That after giving all parties an opportunity to be heard the Court ha [sic], has determined that the uh, juvenile is delinquent for the offense of misdemeanor larceny and misdemeanor possession of stolen property." Neither this statement nor any surrounding statements indicated what standard of proof the trial court had applied. Subsequently, in its written adjudication order, the trial court found that

> the following facts have been proven *beyond a reasonable doubt*: . . . 5. After witnesses were sworn and testimony given, the Court will determine that the State has shown *by clear and convincing*

IN RE W.R.A.

[200 N.C. App. 789 (2009)]

*evidence* that the juvenile did commit the act contained in the petition filed July 8, 2008 at 10:21 a.m. in violation of N.C.G.S. 14-72(a), for misdemeanor larceny. The State however did not prove the petition filed July 8, 2008 at 10:21 a.m., in violation of N.C.G.S. 14-71.1, for misdemeanor possession of stolen goods.

(Emphasis added). Because the trial court applied two conflicting burdens of proof, we cannot determine which one it relied upon in making its determination. Ordinarily, "[b]ecause the trial court has already made its determinations as to the credibility of the witnesses and has weighed the evidence, we [would] not require a new hearing." *In re B.E.*, 186 N.C. App. at 662, 652 S.E.2d at 348. However, the trial judge in this case recently has been appointed to the superior court bench by the governor. As she already has been sworn in to that office, she is unavailable to make the required findings as to standard of proof upon remand. Accordingly, we must order a new trial.

For these reasons, we affirm the trial court's denial of the juvenile's motion to dismiss the petition for larceny based upon insufficient evidence. Because the option of remand is unavailable, we also order a new trial.

New trial.

Chief Judge MARTIN and Judge ERVIN concur.