An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1129
NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014


IN RE: W.J.W.

Buncombe County
No. 10 JB 283



Appeal by defendant from orders entered 27 March 2013 by Judge Susan Dotson-Smith in Buncombe County District Court. Heard in the Court of Appeals 25 February 2014.


> *Roy Cooper, Attorney General, by Phillip T. Reynolds, Assistant Attorney General, for the State.*
>
> *Geeta N. Kapur, for defendant-appellant.*


STEELMAN, Judge.


Because unchallenged findings of fact supported the trial court's conclusions of law, any erroneous findings constituted harmless error. Where juvenile does not challenge the trial court's finding that his statements were "voluntary and not under coercion[,]" the trial court did not err in denying juvenile's motion to suppress his statements. The trial court

did not apply the wrong standard of proof to its written order of adjudication.

### I. Factual and Procedural Background

On 13 December 2012, Deputy Holderman, the School Resource Officer at Erwin High School, was called to the boys' locker room to investigate a peculiar smell, which he identified as marijuana. Deputy Holderman observed a plastic bag containing a small amount of "brown and green" substance with a "very strong odor of marijuana[.]" Next to the bag, Deputy Holderman found a pair of pants with a homemade pipe sticking out of the pocket. Next to the pants, Deputy Holderman found a school bag with W.J.W.'s name inside.

W.J.W., a fifteen year-old student at the school, was called into the locker room. Deputy Holderman asked W.J.W. whether the bag and pants were his, to which W.J.W. responded in the affirmative and produced the pipe from his pants pocket. W.J.W. had not been read his *Miranda* rights, or his rights under N.C. Gen. Stat. § 7B-2101(a).

Juvenile petitions were filed charging W.J.W. with possession of a schedule VI controlled substance and possession of drug paraphernalia. W.J.W. moved to suppress his statements

made in response to Deputy Holderman's questions.  On 21 March 2013, the trial court denied this motion.

On 27 March 2013, the trial court entered its adjudication and disposition orders, finding W.J.W. delinquent of both offenses.  W.J.W. was placed on 12 months of probation, including participation in the Juvenile Justice Treatment Continuum, as well as 20 hours of community service, a 7 p.m. to 7 a.m. curfew, and a requirement to maintain passing grades in school.

W.J.W. appeals.

## II. Findings of Fact

In his first argument, W.J.W. contends that certain of the trial court's findings of fact contained in the order denying his motion to suppress were not supported by evidence in the record.  We disagree.

## A. Standard of Review

"In reviewing a trial judge's findings of fact, we are 'strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.'" *State v. Williams*, 362 N.C. 628,

632, 669 S.E.2d 290, 294 (2008) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)).

### B. Analysis

In the instant case, W.J.W. challenges some of the trial court's findings of fact as being unsupported by the evidence. Specifically, the trial court made the following findings of fact:

> 12. No Miranda rights were given.
>
> 13. In the locker room with the Juvenile was the deputy, Dr. Hill and the coach.
>
> 14. The locker room door is locked after the youth change clothes for class.
>
> 15. The Deputy was not seeking an admission at the time the Juvenile proffered the pipe.
>
> 16. The Deputy was still in the course of his initial investigation at the time the Juvenile offered that the pipe was his.
>
> 17. Evidence was insufficient to ascertain the demeanor or understanding of the juvenile at the time of investigation.
>
> 18. Evidence was insufficient to demonstrate that this particular juvenile had less maturity than an average fifteen year old.
>
> 19. The revelation of ownership of the drug paraphernalia occurred in the locker room during routine questioning.
>
> 20. The Juvenile was not taken to a resource room, conference room, or principal

or staffs office for questioning.

21. No restraints were used at the time of revelation.

22. The parties were more than ten feet away from each other at the time of the revelation.

23. The Juvenile was not subjected to intensive questioning.

24. The Juvenile's statements were voluntary and not under coercion.

25. The Juvenile's file reflects a history with the court system since the juvenile was 13.

26. Based on the testimony of the deputy, the time between when the Juvenile was called in and when he showed the paraphernalia was short, almost immediate [sic] after the initial question of identification.

27. The locker room had many student's [sic] piles of clothes and so questioning for identification was incidental to the initial investigation.

W.J.W. challenges only findings of fact numbers 15, 16, 19, 21, 25, and 27. The remaining findings of fact are binding upon this Court on appeal. *Koufman v. Koufman,* 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

Even assuming *arguendo* that the challenged findings by the trial court were not supported by the evidence of record, we hold that those findings which are not challenged by W.J.W. are

sufficient to support the trial court's conclusions. Where ample findings remain to support the trial court's conclusions of law, the inclusion of erroneous findings of fact is harmless error. *In re T.M.*, 180 N.C. App. 539, 547, 638 S.E.2d 236, 240 (2006). The trial court did not err in its judgment based upon the unchallenged findings.

This argument is without merit.

## III. Custodial Interrogation

In his second argument, W.J.W. contends that the trial court erred in admitting his statements made during a custodial interrogation prior to his being read his *Miranda* rights, or his rights pursuant to N.C. Gen. Stat. § 7B-2101(a). We disagree.

## A. Standard of Review

"The rights protected by N.C.G.S. § 7B-2101 apply only to custodial interrogations. Thus, the threshold inquiry for a court ruling on a suppression motion based on G.S. § 7B-2101, is whether the respondent was in custody when the statement was obtained." *In re T.R.B.*, 157 N.C. App. 609, 612, 582 S.E.2d 279, 282 (2003) (citation omitted). "This requires the trial court to apply an objective test as to whether a reasonable person in the position of the [juvenile] would believe himself to be in custody or that he had been deprived of his freedom of action in

some significant way." *Id.* at 613, 582 S.E.2d at 282 (citations and quotation marks omitted).

## B. Analysis

As discussed above, one of the trial court's key findings of fact, that W.J.W.'s statements were voluntary, is unchallenged by W.J.W. upon appeal, and is thus binding upon this Court. *Koufman v. Koufman,* 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

Our Supreme Court has held that "the objective of *Miranda* is to protect against coerced confessions, not to suppress voluntary confessions, which are essential to society's compelling interest in finding, convicting, and punishing those who violate the law. Indeed, the Fifth Amendment privilege is not concerned with moral and psychological pressures to confess emanating from sources other than official coercion." *State v. Buchanan*, 353 N.C. 332, 342, 543 S.E.2d 823, 829-30 (2001) (citations and quotations omitted). In the instant case, the trial court found in its finding of fact number 24, which W.J.W. has not challenged, that W.J.W.'s statements "were voluntary and not under coercion."

Because W.J.W.'s statements were voluntary, and did not result from coercion, his *Miranda* rights were not implicated.

The fact that W.J.W. may have been in custody, or may have been interrogated, is not relevant if his statements were voluntary and free of coercion.  The trial court did not err in admitting the statements made by W.J.W. to Deputy Holderman.

This argument is without merit.

## IV. Standard of Proof

In his third argument, W.J.W. contends that the trial court erred in applying the wrong standard of proof in its adjudication order.  We disagree.

## A. Standard of Review

"'[I]t is reversible error for a trial court to fail to state affirmatively that an adjudication of delinquency is based upon proof beyond a reasonable doubt.'" *In re D.K.*, 200 N.C. App. 785, 788, 684 S.E.2d 522, 525 (2009) (quoting *In re B.E.*, 186 N.C. App. 656, 661, 652 S.E.2d 344, 347 (2007)).

## B. Analysis

W.J.W. contends that, at trial, the trial court stated that "there is reasonable cause in this case to find [W.J.W.] guilty of the two offenses."  W.J.W. contends that this was the incorrect standard, and constitutes reversible error.

However, in its adjudication order, the trial court found "beyond a reasonable doubt" that:

> After hearing testimony, the Court finds the juvenile to be responsible for the allegations.
>
> The Court finds the juvenile to be delinquent by reason of Possession of Schedule VI Controlled Substance and Possession of Drug Paraphernalia.

We hold that the standard of proof expressed in the written adjudication order was correct, and that the trial court did not err.

AFFIRMED.

Judges McGEE and STROUD concur.

Report per Rule 30(e).